# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **KARL IRVIN HEYLINGER** | § | |
| | § | |
| **v.** | § | **A-10-CA-303 LY** |
| | § | |
| | § | |
| **CLAUDE MAYE, Warden, FCI Bastrop** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Karl Irvin Heylinger's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(Clerk's Docket No. 1) filed May 4, 2010; Respondent's Motion to Dismiss and Response in Opposition to Habeas Petition (Clerk's Doc. No. 7) filed August 16, 2010; and Petitioner's Response to Respondent's Motion to Dismiss Habeas Petition (Clerk's Doc. No. 8) filed August 25, 2010.  The undersigned Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  BACKGROUND

Karl Irvin Heylinger files the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Heylinger is incarcerated at the Federal Correctional Institution ("FCI") in Bastrop, Texas.  He alleges that the Health Services staff at FCI Bastrop subjected him to cruel and unusual punishment through allegedly improper medical treatment with regard to his foot pain.  For relief, Heylinger requests the Court to require the Bureau of Prisons' Health Services staff to return him to a podiatrist for treatment and be required to follow that doctor's recommendations.

## II. DISCUSSION

Heylinger can utilize habeas corpus proceedings only if he is challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987). Put another way, if "a favorable determination would not automatically entitle [Heylinger] to accelerated release" he may not utilize habeas corpus procedures and must instead vindicate his rights through a properly filed civil rights proceeding. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997). The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement." *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). Heylinger's claims contest the conditions and not the fact or duration of his confinement. Since success in this proceeding would not entitle Heylinger to accelerated release, he is not entitled to relief pursuant to 28 U.S.C. § 2241.

A *Bivens* civil rights action provides the appropriate vehicle to attack these allegedly unconstitutional conditions of confinement.[1] *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987). However, the undersigned is reluctant to construe the petition as asserting a Bivens claim. Allowing Petitioner to proceed based on the payment of the $5.00 habeas filing fee instead of the filing fee applicable to civil rights actions would allow Petitioner to circumvent the filing fee requirements of the Prison Litigation Reform Act. Accordingly, this suit should be dismissed without prejudice to Petitioner's ability to pursue such claims by filing the appropriate action.

---

[1] Since Petitioner complains about the deprivation of rights at the hands of federal and not state actors, his cause of action would be authorized by *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

## III. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DISMISS** Heylinger's Petition for Writ of Habeas Corpus (Clerk's Docket No. 1) **WITHOUT PREJUDICE**.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under section 2255 "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c) (1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

In this case, reasonable jurists could not debate the denial of the movant's section 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to

deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability should not be issued.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).  To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 6th day of January, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE